SHORES, Justice.
Marie Hart appeals from a summary judgment entered against her in the Houston County Circuit Court. We affirm.
In March 1976, Marie Hart was appointed conservator of the estate of her minor son, Derek, who had received $292,000.00 from a medical malpractice settlement. Fidelity and Deposit Company of Maryland (“F & D”) provided Hart with a surety bond to secure her obligations as conservator. Under the bond, Hart was personally bound to indemnify F & D against all losses which the company might sustain as surety.
Sometime thereafter, Hart improperly invested a portion of the estate funds, resulting in a loss of $15,750.00. As surety, F & D reimbursed the estate for the loss and sought indemnification from Hart. Hart was unable to reimburse F & D at that time, but she executed the following instrument at F & D’s insistence:
“KNOW ALL MEN BY THESE PRESENTS, that I, MARIE HART, residing at 1503 Lake Street, Dothan, Alabama 36303, assignor, in consideration of the payment by FIDELITY & DEPOSIT COMPANY OF MARYLAND of 110 William Street, New York, New York 10038, of a surcharge of $15,750.00 (an improper investment of $14,000.00 plus the fee of HAROLD C. FIELDS as Guardian ad Litem in the amount of $1,750.00) which has been made against me as Conservator of DEREK HART, a Conservatee, do hereby set over, assign, transfer and convey unto FIDELITY & DEPOSIT COMPANY OF MARYLAND, assignee:
“a. All future commissions as conservator of DEREK HART, a Conser-vatee; and
“b. My distributive share of the decedent’s estate of DEREK HART, whether by Will, intestacy or otherwise.
“It is the intention of this assignment that it be limited to the reimbursement of amounts actually paid by FIDELITY & DEPOSIT COMPANY OF MARYLAND and the fact that a sum greater than such payments has been assigned vests no ownership in the greater amounts in FIDELITY & DEPOSIT COMPANY OF MARYLAND.”
Hart was replaced as the conservator and, in 1983, the Supreme Court of New York, Queens Division, issued an order settling the final account of her conservatorship. The court ordered that Hart’s commission of $8,292.99 be given to F & D, pursuant to the above instrument.
On August 21, 1984, F & D filed this action in Houston County to recover the balance allegedly due — $10,134.52—plus interest, costs, and attorney fees. Hart filed an answer pro se, denying the debt and stating that she and F & D had previously settled the matter. F & D filed a motion for summary judgment, judgment, supported by affidavits. The trial court ordered Hart to file any opposing documents within 14 days. Hart then retained counsel and amended her answer to include the defense of accord and satisfaction, and she filed counterclaims for fraud and breach of contract and made a jury demand. She also filed an affidavit in opposition to the summary judgment motion. In turn, F & D filed motions to strike the counterclaims and the jury demand, which the trial court granted. In addition, the trial court granted summary judgment to F & D, and this appeal followed. Hart raises several issues, which we discuss in turn.
The first issue is whether the trial court acted properly in striking Hart’s counterclaims. Rule 13(f), A.R.Civ.P., states:
“When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.” (Emphasis added.)
Thus, according to the language of the rule, the court exercises its discretion in *54 determining whether the omitted counterclaim may be added through amendment, and its decision will be reversed only when that discretion is abused. We find no showing that the trial court abused its discretion here.
The central issue of the case is whether the instrument quoted above constitutes an accord and satisfaction of Hart’s debt to F & D, as Hart argues. The Alabama Code states that an accord “is an agreement to accept in extinction of an obligation something different from or less than that to which the person agreeing to accept is claiming or entitled.” Code 1975, § 8-1-20: The instrument does not extinguish Hart’s debt in any way, but in fact confirms it by providing a method of repayment. Furthermore, under the terms of the instrument, F & D will not receive “something different from or less than” that to which it is entitled; under the terms of the instrument, it is to receive .the undisputed amount of the debt. Consequently, because the instrument is not an accord, it cannot support Hart’s affirmative defense of accord and satisfaction. The trial court properly granted summary judgment to F & D, as no genuine issue of material fact existed, and F & D was entitled to judgment as a matter of law. Rule 56(c), A.R. Civ.P.
Because there was no error in striking defendant’s counterclaims, and because we affirm the summary judgment for plaintiff F & D on its complaint, any allegation of error in the striking of defendant’s jury demand is moot.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.